RECEIVED

JAN 3 1 2012

TONY R. MOORE, CLERK
BY_____
     DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO: 07-60037 (09) |
| VERSUS | JUDGE DONALD E. WALTER |
| MISAY CHANDAKHAM | MAGISTRATE JUDGE HILL |

## MEMORANDUM ORDER

Before the Court is a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by the Defendant, Misay Chandakham ("Chandakham"). [Doc. #503]. The Government opposes this motion. [Doc. #508]. Chandakham filed a reply to the Government's opposition wherein she offered additional statements to support her motion. [Doc. #511]. For the reasons set forth below, Chandakham's motion is hereby **DENIED**.

## BACKGROUND FACTS

Chandakahm's conviction stems from a multi-defendant indictment regarding a methamphetamine drug operation operating from areas surrounding New Iberia, Louisiana to Los Angeles, California. Arthur Basaldua ("Basaldua") and Bounthong Xaphilom ("Xaphilom") operated as the directors of the conspiracy, but they received assistance from other individuals including co-defendants Duc Huu Pham, Israel Perez, Eng Champkungsing, Phanut Phonchinda, Travis Joseph, Sammy Thibodeaux, Christopher Aucoin, and Chandakham. Chandakahm is a cousin of Xaphilom, a co-director of the conspiracy.

In early 2006 Basaldua and Xaphilom were living in a house on Henry Street in New Iberia, Louisiana, from which they were distributing methamphetamine. As the conspiracy progressed

Basladua became paranoid that law enforcement officers were monitoring his activities. In an effort to quell his fears, Xaphilom arranged for Basaldua to spend several nights a week with Chandakaham in her Lafayette, Louisiana townhouse. Testimony was presented at trial that Basaldua paid Chandakham for the use of her townhouse in methamphetamine. Chandakham's landlord testified that she paid her rent on time via money order. The government argued that this was evidence that Chandakham sold the methamphetamine given to her by Basaldua. It was undisputed that Chandakham purchased small amounts of methamphetamine to share with her friends. Chandakham's trial counsel argued that the small purchases were merely for recreational use. Conversely, the government argued that the purchases were for further sale and distribution.

On or about January 20, 2012, Chandakham was arrested for issuing worthless checks. Basaldua bonded her out of jail in exchange for her agreement to allow him, his girlfriend, and Israel Perez to permanently move into her townhouse. Once Basaldua moved in he enlisted co-defendant Christopher Aucoin to install security cameras on the townhouse, and he changed the locks – both in violation of Chandakham's lease. Testimony at trial indicated that Chandakham knew that Basaldua was a drug dealer, and was aware that he was selling drugs out of her townhouse. A co-defendant testified that he witnessed Chandakham crying and upset because Basaldua and Xaphilom were not contributing to her financially despite her apparent cooperation with their nefarious activities.

Chandakahm was charged under 21 U.S.C. § 846 with one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841. The jury returned a guilty verdict and Chandakham was subsequently sentenced to 120 months imprisonment. On August 2, 2010, the United States Court of Appeals for the Fifth Circuit affirmed her conviction and

sentence. Thereafter, Chandakham filed the present Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255, alleging that her counsel, Ms. Cecilia Bonin, was ineffective in her representation.

## LAW AND ANALYSIS

A Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 allows a defendant to challenge only jurisdictional and constitutional issues, and rare non-jurisdictional errors not raised on appeal, which could result in a "complete miscarriage of justice". *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). A claim of ineffective assistance of counsel is properly considered under section 2255.

A defendant has a constitutional right to assistance of counsel guaranteed by the Sixth and Fourteenth Amendments. It has long been understood that the right to counsel includes the right to effective assistance of counsel. *See McCann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). Absent effective assistance of counsel a "serious risk of injustice infects the trial itself." *Cuyler v. Sullivan*, 446 U.S. 335, 343 (1980). Thus, a defendant who receives ineffective assistance of counsel has been deprived of his constitutional right to counsel.

To prevail on a claim of ineffective assistance of counsel the defendant must demonstrate that (1) her attorney's performance falls below an objective standard of reasonableness, and (2) that her attorney's ineffective performance prejudiced her defense. *Strickland v. Washington*, 466 U.S. 668 (1984); *Bryant v. Scott*, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). Under the first prong of the *Strickland* analysis a court should presume that the attorney's actions are encompassed within the wide range of reasonable competence, and fall under the ambit of trial strategy. *Strickland*, 466 U.S. at 687. The defendant may overcome this presumption by showing that under the "totality of the

circumstances" the attorney's performance was "outside the wide range of professionally competent assistance". *Id.* at 690. The second prong of the *Strickland* test requires that the defendant show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." *Murry v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

If the defendant fails to establish either prong of the *Strickland* test her claim for ineffective counsel must fail. *See Tucker v. Johnson*, 115 F.3d 276, 280 (5th Cir. 1997); *Bryant v. Scott*, 28 F.3d at 1415. The prongs of the test need not be analyzed in any particular order. *Goodwin v. Johnson*, 132 F.3d 162, 172 n.6 (5th Cir. 1998); *Murray v. Maggio*, 736 F.2d at 282.

1. <u>Alleged failure to investigate</u>

In her first ground for claiming ineffective assistance of counsel Chandakham argues that her attorney failed to investigate or subpoena evidence that could have assisted in her defense and ultimately affected the outcome of the trial.

An attorney must engage in a reasonable amount of pretrial investigation and at a minimum interview potential witnesses and make an independent investigation of the facts and circumstances of the case. *Bryant v. Scott*, 28 F.3d at 1415. However, the strategic choices made by counsel and the reasonableness of an attorney's investigation often critically depend on the information provided by the defendant. *Id.* If counsel determines that pursuing certain investigations would be fruitless or harmful, failure to pursue those leads may not later be challenged as unreasonable. *Id.* Under the *Strickland* analysis, even if the defendant's attorney improperly failed to investigate a particular avenue the defendant must still demonstrate that but for her attorney's alleged ineffectiveness the

result of the trial would have been different.

Chandakham alleges that evidence was available that would have demonstrated to the jury that she was employed during the time of the alleged crime, which would have undermined the government's theory that she must have been selling drugs on behalf of Basaldua to timely pay the rent on her townhouse. Chandakham argues that this inference is the only plausible connection between herself and the conspiracy.

Chandakham argues that her attorney could have picked up the phone or written a letter to her employer to obtain information sufficient to demonstrate that she was employed from October 2006 to December 2006. Chandakham states that she repeatedly asked her attorney to present such evidence, but that her requests were either ignored or looked over by counsel. Chandakham attaches an unsigned 2006 Amended U.S. Individual Tax Return which purports to show a revised income of $5663.00 in 2006 as evidence to support her argument. She also attaches a W-2 form reflecting wages of $463.69.

A review of the trial transcript reveals that defendant's counsel raised the issue of her employment during the cross-examination of Israel Perez, a co-defendant who had moved into the defendant's townhouse with Basaldua. Further, there is no indication that the alleged failure to obtain Chandakham's tax information prejudiced the outcome of the trial. This Court recalls considerable testimony regarding Chandakham voluntarily allowing Basaldua and other co-defendants to stay at her townhouse, from which they possessed and distributed methamphetamine. Although Chandakham maintains that she did not know they were selling drugs out of her house, evidence was introduced to the contrary. This evidence is sufficient on its own for the jury to conclude that Chandakham acted in the furtherance of the objective of the conspiracy. Chandakham

5

has failed to demonstrate that but for her counsel's alleged error the result of her trial would have been different. Accordingly, Chandakham's claim of ineffective assistance of counsel for failure to investigate is denied.

2.  Alleged failure to prove Chandakham was merely a methamphetamine addict.

In her second ground for claiming ineffective assistance of counsel Chandakham alleges that her attorney failed to provide sufficient evidence to prove that she was merely an addict, not a seller of methamphetamine.

A review of the transcript reveals that Chandakham's attorney did attempt to paint her as merely an addict, not a seller. For example, counsel questioned an officer on cross-examination as to whether half of gram of methamphetamine was an amount consistent with personal use. The officer conceded that half a gram was a small amount frequently bought for personal use, but that some people could sell it. In addition, the Court recalls that Chandakham's lawyer passionately presented her client as a mere addict caught in the wrong place at the wrong time due to her dependence on methamphetamine. Therefore, Chandakham's claim of ineffective assistance of counsel for failure to present her as merely an addict is denied.

3.  Alleged failure to object to testimony

In her third and final ground for claiming ineffective assistance of counsel Chandakham alleges that her counsel was ineffective for failing to object to a hearsay statement regarding her relationship with Basaldua, who did not testify as a witness at trial. Chandakham alleges that counsel's failure to object deprived her of her right to face her accuser at trial.

A review of the transcript demonstrates that Chandakham's attorney did make an objection

to the testimony regarding her connection to Basaldua.

> Q. Tell the jury about that.
>
> A. Well, Arthur [Basaldua] would give Misay methamphetamine for — so she could pay the rent. And at times she'll be strung out, and we'd come home and the whole house would be as mess. She'd be like looking for meth.
>
> Q. Was there a time when you drove Misay home one night?
>
> A. Yes
>
> Q. Tell the jury what happened.
>
> A. Well, she was crying, upset.
>
> Q. About what?
>
> A. That Arthur [Basaldua] and her cousin Nick [Xaphilom] wasn't contributing.
>
> MS. BONIN: Excuse me, Judge. May we approach the bench?
>
> THE COURT: Yes.
>
> MR. COLOMBO: For a bench conference?
>
> THE COURT: Yes.
>
> (At the bench:)
>
> MS. BONIN: This is an objection that I am placing. I understand that he gets to say any admission of her guilt, but she has not been shown to be a co-conspirator, and I don't think that he should be talking about her talking about other co-conspirators.
>
> THE COURT: The objection is overruled.

(Trial Transcript pp. 724-725). Chandakham's counsel properly raised an objection to the Court. Accordingly, Chandakham's claim of ineffective assistance of counsel for allegedly failing to raise an objection is denied.

7

## CONCLUSION

For the foregoing reasons, Chandakham's Motion to Vacate, Set Aside, or Correct her Sentence pursuant to 28 U.S.C. § 2255 [Doc. #503] is hereby **DENIED**.

**THUS DONE AND SIGNED**, this 31 day of January, 2012.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE