UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO: 07-60037 (09) |
| VERSUS | JUDGE DONALD E. WALTER |
| MISAY CHANDAKHAM | |

## MEMORANDUM ORDER

Before the Court is a Motion to Reduce Sentence [Doc. #595], filed by the Defendant, Misay Chandakham ("Chandakham"). Chandakham styled the motion as one made pursuant to 28 U.S.C. § 2255, and submitted the motion on the form designed for those made pursuant thereto, but argues that it is not a second or successive motion, because the relief she now seeks was not available at the time she filed her original motion under 28 U.S.C. § 2255. On November 1, 2015, long after Chandakham was sentenced, the United States Sentencing Commission issued Amendment 794, which made various revisions to the commentary to U.S.S.G. § 3B1.2. Section 3B1.2 allows for a mitigating role adjustment in some cases. In the instant motion, Chandakham seeks relief pursuant to Amendment 794, based on the Ninth Circuit's holding, in *United States v. Quintero-Leyva*, 823 F.3d 519, 521 (9th Cir. 2016), which found that Amendment 794 is clarifying and retroactive to cases on direct appeal.

Despite Chandakham's characterization of her motion as one made pursuant to 28 U.S.C. § 2255, the Court will consider the motion under 18 U.S.C. § 3582. Generally, a district court "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010). However, there is an exception "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Such defendants are entitled to move for

retroactive modification of their sentences. *Freeman v. United States*, 564 U.S. 522, 527 (2011). However, in accordance with § 3582(c)(2), a sentence reduction is only permitted if it is consistent with the policy statements issued by the Sentencing Commission, as set forth in U.S.S.G. § 1B1.10. *United States. v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997). Amendment 794 is not included in the list of amendments that are eligible for retroactive effect.

Although Chandakham relies on the Ninth Circuit's above-stated holding in *Quintero-Leyva*, the Fifth Circuit has explicitly declined to reach the issue of whether Amendment 794 is clarifying and/or retroactive. *United States v. Gomez–Valle*, 828 F.3d 324, 330 (2016). Likewise, this Court need not reach that issue today, because even if Amendment 794 was given retroactive effect, Chandakham would not be entitled to relief. Under 21 U.S.C. § 841(a)(1) and 841(b)(1)(A), in conjunction with U.S.S.G. §5G1.1(b), Chandakham was subject to the statutorily required minimum sentence of 10 years, or 120 months.[1] Accordingly, the motion to reduce sentence [Doc. #595] is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 7 day of February, 2017.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[1] The presentence investigation report, prepared on March 2, 2009, and adopted by the Court at sentencing, decreased Chandakham's offense level by two levels, to account for the minor role she played in the conspiracy. At sentencing, Chandakham's attorney objected to the two-level decrease, arguing in favor of an even greater decrease for her *minimal* role in the conspiracy, and the Court overruled the objection. Regardless of the significance of any decrease applied to her offense level, Chandakham was necessarily subject to the statutory requirements, which exceeded her applicable guideline range.